UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- x
                                          :
Jesse McDowell,                           :
                                          :
        Plaintiff,        :
                                          :   13 Civ. 03786 (RWS)(GWG)
   v.                                 :
                                          :   ECF CASE
Eli Lilly and Company,                    :
                                          :
        Defendant.        :
                                          :
----------------------------------------- x

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

COVINGTON & BURLING LLP
Michael X. Imbroscio, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
Brett C. Reynolds, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

*Attorneys for Defendant Eli Lilly and Company*

Local Civil Rule 6.3 bars parties from filing affidavits or other supporting material in support of a motion to reconsider "unless directed by the Court." Plaintiff Jesse McDowell has directly violated that Rule and his motion to supplement the record should be denied.

As this Court has frequently noted, "[a] motion for reconsideration is not the proper venue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000) (Sweet, *J.*); *see also Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650(RWS), 2013 WL 4082930, at *2 (S.D.N.Y. Aug. 7, 2013) (Sweet, *J.*) (movant's declaration "must be stricken from the record on the ground that Local Rule 6.3 prohibits the submission of affidavits or declarations in connection with a motion for reconsideration absent permission by the court" (quoting *Sys. Mgmt. Arts*, 106 F. Supp. 2d at 521)). "Any 'newly discovered evidence' may only be introduced where the moving party shows it was 'excusably ignorant of the facts despite using due diligence to learn about them.'" *Ramasamy v. Essar Global Ltd.*, No. 11 Civ. 3912(JSR), 2012 WL 1681763, at *1 (S.D.N.Y. May 8, 2012) (quoting *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 03 Civ. 8363(SHS), 2004 WL 626180, at *2 (S.D.N.Y. Mar. 30, 2004)).

Mr. McDowell's "new evidence" consists of four items: two expert reports submitted by plaintiffs in other Cymbalta matters, the petition filed before the U.S. Judicial Panel on Multidistrict Litigation seeking to transfer a set of Cymbalta-related actions for coordinated pretrial proceedings, and the Cymbalta European Summary of Product Characteristics.

*Expert Reports*

The expert reports that Mr. McDowell now seeks to submit here were filed on September 22, 2014, over a month before the Court's decision, by Mr. McDowell's counsel on behalf of its clients in two other Cymbalta cases, *Herrera v. Eli Lilly & Co., Inc.* and *Hexum v. Eli Lilly &*

*Co., Inc.*, which are currently pending in the Central District of California. *See* Decl. of Harris L. Pogust ("Pogust Decl."), Dkt. 41, ¶¶ 3-4 (Nov. 25, 2014); Pogust Decl. Ex. B, Dkt. 41-3 (Nov. 25, 2014) (Glenmullen Report addressed to "Pogus Braslow & Millrood); Pogust Decl. Ex. C, Dkt. 41-4 (Nov. 25, 2014) (Morris Report). Both expert reports discuss only publicly available facts that were known to Mr. McDowell and his counsel long before September. *See* Glenmullen Report at 42-50 & Ex. 2, Dkt. 41-3; Morris Report at Attachment B, Dkt. 41-4. As a result, Mr. McDowell could easily have submitted these reports in his August opposition to Lilly's motion for summary judgment or moved later to supplement the record with them. Instead, he blames the Court's scheduling order for not explicitly providing for expert discovery. *See* Pl.'s Mem. in Supp. of Pl.'s Mot. for Leave to Supplement the Record, Dkt. 37, at 1-2 (Nov. 24, 2014). This excuse does not demonstrate the due diligence required for Mr. McDowell to submit new evidence.

*MDL Petition*

As with the expert reports, the facts supporting plaintiffs' petition to the JPML were known to Mr. McDowell — who was one of the plaintiffs seeking consolidation — and to his counsel long before this Court issued its summary judgment opinion. The petition itself was filed mere days after Mr. McDowell's opposition in this case, and he could easily have sought to supplement the record with it at that time. Moreover, the JPML has now denied plaintiffs' request, rendering the petition wholly irrelevant. *See* Order Denying Transfer, *In re: Cymbalta (Duloxetine) Prods. Liab. Litig.*, MDL No. 2576 (Dec. 10, 2014), *available at* http://www.jpml. uscourts.gov/sites/jpml/files/MDL-2576-Denied_Transfer-12-14.pdf. As a result, there is no need for the Court to add this material to the record or to consider it as support for Mr. McDowell's motion to reconsider.

*Cymbalta European Summary of Product Characteristics*

Mr. McDowell seeks to introduce as "new evidence" the European product labeling for Cymbalta (known as the Summary of Product Characteristics ('SMPC')). He acknowledges that this material was "discussed during oral argument," *see* Pl.'s Mem. in Supp., Dkt. 37, at 2, but argues that it "has yet to be properly entered into the case." As Mr. McDowell's counsel used the SmPC as a basis for his oral argument and provided the Court with a copy at that time, it is evidently material that the Court considered in rendering its decision and need not now be submitted as supplemental material. Even if it had not been submitted at oral argument, moreover, the SmPC does not qualify as new evidence. The relevant text in the European labeling has been in place and publicly available since May 2006. *See* European Medicines Agency, Cymbalta: Procedural steps taken and scientific information after the authorization, at 18, *available at* http://www.ema.europa.eu/docs/en_GB/document_library/EPAR_-_Procedural_steps_taken_and_scientific_information_after_authorisation/human/000572/WC500036807.pdf ("31/05/2006 . . . In this variation warnings have been included in section 4.4 of the SPC: . . . to update information on withdrawal syndrome seen on discontinuation of treatment."). It borders on frivolous for Mr. McDowell to suggest that he could not have discovered this product labeling prior to the briefing on Lilly's summary judgment motion.

## **CONCLUSION**

For the foregoing reasons, Lilly respectfully requests that the Court deny Mr. McDowell's motion for leave to supplement the record.


Dated: Washington, D.C.  
       December 11, 2014

COVINGTON & BURLING LLP

By: *s/ Phyllis A. Jones*
    Phyllis A. Jones

Michael X. Imbroscio, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
Brett C. Reynolds, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

*Attorneys for Defendant Eli Lilly and Company*