IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESSE MCDOWELL, | ) | 13 Civ. 03786 (RWS, GWG) |
| | ) | |
| Plaintiff, | ) | ECF CASE |
| vs. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| an Indiana corporation, | ) | |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S REPLY TO LILLY'S OPPOSITION TO MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

In its Opposition brief, Lilly requests that this Court ignore Plaintiff's new evidence and insists reconsideration is not supported by controlling case law.[1] Lilly is wrong. Furthermore, just last week, additional Cymbalta evidence came to light in the California Cymbalta cases that adds support to Plaintiff's claims and Plaintiff's request for summary judgment to be vacated.

As Plaintiff explained in his initial briefing in support of reconsideration, Dr. Joseph Glenmullen's expert opinions constitute crucial new evidence now before the Court. They support Plaintiff's claim that the Cymbalta labeling is inadequate and make clear that, at the very least, this is a jury question. Additionally, Dr. Glenmullen's opinions confirm that Cymbalta (duloxetine) and Effexor (venlafaxine) have very similar withdrawal risk profiles. This directly addresses the Court's finding that the record lacked foundation for asking Plaintiff's prescriber

---

[1] Lilly's response brief conveniently leaves out the "new evidence" standard embraced by this Court in its recitation of applicable law. There is no question new evidence is grounds for reconsideration. This Court has repeatedly cited the following standard in previous reconsideration opinions: "reconsideration is also justified by an intervening change in controlling law, the availability of **new evidence**, or the need to correct a clear error or prevent manifest injustice." *See In re Bear Stearns Companies, Inc.*, 2014 WL 4357166 (S.D.N.Y. Sept 13, 2011) (Sweet, J.) (citing *Henderson v. Metropolitan Bank & Trust Co.,* 502 F. Supp. 2d 372, 375-76 (S.D.N.Y, Aug 8, 2007)).

what she would have done if she have known that Cymbalta's withdrawal risk was similar Effexor's. *See* Plaintiff's Memorandum in Support of Reconsideration, page 7 (Doc No. 40). And importantly, new evidence came to light just last week on this very issue: (1) a journal article published by Lilly employee and researcher, Dr. David Perahia, concluding that Cymbalta and Effexor have "similar benefit-risk profiles on the basis of a comparison utilizing Global Benefit Risk (GBR) assessment," *see* Perahia, et al, *A randomized, double-blind comparison of duloxetine and venlafaxine in the treatment of patients with major depressive disorder*, Journal of Psychiatric Research 42 (2008) 22-34 (attached as Exhibit A to Pogust Decl.); and (2) an internal Lilly memorandum that was not produced until after summary judgment was decided in this case. Dr. Perahia is a career-long employee of Lilly and has conducted extensive research on Cymbalta over the course of the last fifteen years. Dr. Perahia is the author of the 2005 paper—which is at the core of this litigation—that revealed that 44% + of Cymbalta users will suffer from withdrawal. Just last week, on December 12, 2014, Plaintiff's counsel deposed Dr. Perahia in the California cases, and the journal article was introduced into the record by Defense counsel and then used in questioning.[2] Plaintiff's counsel also questioned Dr. Perahia on the internal memo, but that document is subject to a protective order and thus not discussed in any detail here.[3] Suffice it the document clearly supports Plaintiff's contentions and adds important evidence to the record.

New evidence in the form of the expert opinions of Drs. Glenmullen and Morris, along with this even more recent new evidence, is clearly sufficient to warrant reconsideration and

---

[2] This deposition was taken in the California *Hexum v. Eli Lilly* case, for which this firm is also counsel of record. Notably, the transcript is not yet available to the parties. *See Erin Hexum v. Eli Lilly & Co*., Docket No. CV 13-2701 SVW-MAN; *Claudia Herrera v. Eli Lilly & Co*., Docket No. CV 13-2702 SVW-MAN (referred to collectively as "The California Plaintiffs" in Plaintiff's Motion for Reconsideration).
[3] Contemporaneously with this filing, Plaintiff is moving for leave to file that document under seal with the Court.

vacation of the summary judgment order.[4] As Plaintiff explained in his initial motion, Plaintiff was constrained in the instant case by the November 12, 2013 Scheduling Order, which did not permit expert discovery or any discovery against Lilly other than production of its New Drug Application (NDA) for Cymbalta.

Lilly understandably wants the Court to believe there was no basis for Nurse Caruana to unfavorably compare Cymbalta to Effexor in her sworn testimony because it led to the damaging "I would choose another drug" conclusion. But the attached exhibit, the new expert reports, and the document that will be filed under seal all confirm that comparison. Moreover, Lilly seems to acknowledge the reality that Nurse Caruana gave earlier, conflicting testimony regarding prescription choice, but nonetheless couches the whole of her testimony as "undisputed." Clearly, there are genuine issues of material fact that remain for the jury.

The avenue for reconsideration exists to serve litigation scenarios just like the one at bar. The questions of whether Lilly's Cymbalta withdrawal warning was adequate, whether Cymbalta is similar to Effexor in its withdrawal risk, and what Plaintiff's prescriber would have done with a stronger warning are decidedly for the jury. Taken together, the new evidence that has been added to the record and submitted to the Court post-summary judgment, along with the overlooked points of law and fact fleshed out in Plaintiff's initial briefing, provide firm support for reconsideration. Plaintiff urges the Court to consider all of these materials and respectfully requests that the Court grant reconsideration and vacate its Order granting summary judgment in Lilly's favor.

---

[4] As an aside, Lilly repeatedly mocks Dr. Morris as a "reading expert" in its brief. *See* Plaintiff's Opposition to Reconsideration, page 10 (Doc No. 45). Surely, Lilly held him in higher regard when it retained him as its own expert witness in the past. *See* Deposition Transcript of Dr. Louis Morris, pages 16-18 (deposition taken in the *Hexum v. Eli Lilly* case cited in more detail below) (attached as Exhibit B to Pogust Decl).

Respectfully Submitted,

Dated: December 18, 2014        /s/Harris L. Pogust
                                Harris L. Pogust, Esq.
                                hpogust@pbmattorneys.com
                                T. Matthew Leckman (*pro hac vice*)
                                mleckman@pbmattorneys.com
                                Pogust Braslow & Millrood LLC
                                Either Tower Bridge
                                161 Washington Street
                                Suite 1520
                                Conshohocken, PA 19428
                                T: (610) 941-4204
                                F: (610) 941-4245

# CERTIFICATE OF SERVICE

I certify that on this 18[h] day of December, 2014, a true and correct copy of the foregoing ***Plaintiff's Reply to Lilly's Opposition to Motion for Reconsideration and Opposition to Motion for Leave to Supplement the Record*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/Harris L. Pogust
Harris L. Pogust, Esq.
*Counsel for Plaintiff*