UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Jesse McDowell,

               Plaintiff,

                 v.

Eli Lilly and Company,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13 Civ. 03786 (RWS)(GWG)

ECF CASE

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff seeks to file one of two pieces of "new evidence" mentioned in his reply brief under seal because it was produced subject to a protective order in the California litigation. Lilly objects to this request (and to the filing of the Declaration of Harris L. Pogust in Support of Plaintiff's Reply to Lilly's Opposition to Motion for Reconsideration and Motion for Leave to Supplement the Record, Dkt. 48, along with its two exhibits) on the ground that supplementation of the record on a motion to reconsider is barred without the express permission of this Court. *See generally* Def.'s Opp. to Pl.'s Mot. for Leave to Supplement the Record, Dkt. 46 (Dec. 11, 2014). As with the documents previously cited in Plaintiff's Motion to Reconsider, the documents Mr. McDowell seeks to file are not "newly discovered evidence" of which Mr. McDowell was excusably ignorant until now. *See Ramasamy v. Essar Global Ltd.*, No. 11 Civ. 3912(JSR), 2012 WL 1681763, at *1 (S.D.N.Y. May 8, 2012). The first piece of "new evidence" is a published article from 2008 relating to venlafaxine (Effexor) that counsel for Lilly already provided to the Court at the summary judgment argument, and the second piece of "new

evidence" is an internal summary of a focus group wherein comments are made about some of the similarities between duloxetine and venlafaxine -- exactly the subject of the peer-reviewed published article Lilly has already provided to the Court.  There is nothing in either document that undermines the Court's ruling, and Lilly invites the Court to scrutinize the representations made by Plaintiff's counsel about the import of these documents.  If the Court chooses to permit Plaintiff to file these documents, however, Lilly agrees that Plaintiff's putative Exhibit C should be filed under seal.

Dated: Washington, D.C.
       December 22, 2014

COVINGTON & BURLING LLP

By: *s/ Phyllis A. Jones*
    Phyllis A. Jones

Michael X. Imbroscio, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
Brett C. Reynolds, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956

*Attorneys for Defendant Eli Lilly and Company*