IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE MCDOWELL, | ) 13 Civ. 03786 (RWS, GWG) |
| | ) |
| Plaintiff, | ) ECF CASE |
| vs. | ) |
| | ) |
| ELI LILLY AND COMPANY, | ) |
| an Indiana corporation, | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION

Pursuant to this Court's February 26, 2015 Order, Plaintiff again respectfully requests the Court reconsider its November 7, 2014 grant of Summary Judgment in favor of Lilly. Reconsideration is appropriate in light of the internal Lilly memorandum ("Internal Memorandum") now being filed under seal pursuant to the Court's February 26 Order.

By Order dated November 7, 2014, this Court granted Lilly's Motion for Summary Judgment, finding Lilly's withdrawal warning for Cymbalta was adequate as a matter of law and was not the proximate cause of Plaintiff's injuries. On November 25, 2014, Plaintiff moved for reconsideration of the November 7 Order and contemporaneously supplemented the record with new evidence consisting of the expert reports of Joseph Glenmullen, M.D. and Louis Morris, Ph.D., the European Medicines Agency's Summary of Product Characteristics for Cymbalta, and Plaintiff's Motion to Transfer Related Actions for Coordinated Pretrial Proceedings. On December 18, 2014, Plaintiff moved to file the Internal Memorandum under seal in further support of the First Motion for Reconsideration.

By Order dated February 26, 2015, the Court denied Plaintiff's First Motion for Reconsideration, addressing only the evidence submitted on November 25, 2014, and granted Plaintiff leave to file the Internal Memorandum under seal. The Court stated:

> *Plaintiff's motion to supplement the record on this motion and to submit the Internal Memorandum under seal is granted.*
>
> *With respect to the Internal Memorandum, that document will not now be addressed but may be the subject of a further motion to reconsider.*

Trial Ct. Op. at p. 19

Accordingly, Plaintiff renews his motion for reconsideration in light of the Internal Memorandum, which is being filed under seal per the Court's permission. The Internal Memorandum further establishes a genuine issue of material fact as to the similarity in withdrawal risk between Cymbalta (duloxetine) and Effexor (venlafaxine). Plaintiff respectfully submits that this and other genuine issues of material fact, as set forth in Plaintiff's original Motion for Reconsideration, incorporated herein by reference, preclude summary judgment.

Respectfully submitted,

**POGUST BRASLOW & MILLROOD, LLC**

/s/ Harris L. Pogust
Harris L. Pogust, Esq.
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
Pogust Braslow & Millrood LLC
Either Tower Bridge
161 Washington Street
Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, that a true and correct copy of the foregoing document was served upon counsel of record by electronic mail through the U.S. District Court, Southern District of New York electronic case filing system.

James F. Rogers
Nelson Mullins Riley & Scarborough
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Jim.rogers@nelsonmullins.com

Phyllis Jones
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
pajones@cov.com

Michael Imbroscio
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
mimbroscio@cov.com

/S/ Harris L. Pogust
Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245