UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JESSE MCDOWELL,

              Plaintiff,          13 Civ. 3786

  -against-                         OPINION

ELI LILLY AND COMPANY,

              Defendant.

------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        POGUST & BRASLOW, LLC
        161 Washington Street, Suite 1520
        Conshohocken, PA 19428
        By:  Harris L. Pogust, Esq.
             Kevin M. O'Brien, Esq.

        Attorneys for Defendant

        COVINGTON & BURLING
        620 Eighth Avenue
        New York, NY 109018-1405
        By:  Laura M. Flahive Wu, Esq.

        1201 Pennsylvania Avenue, NW
        Washington, DC 20004-2401
        By:  Brett C. Reynolds, Esq.
             Michael X. Imbroscio, Esq.
             Phyllis Jones, Esq.

**Sweet, D.J.**

Plaintiff Jesse McDowell ("McDowell" or the "Plaintiff") has filed a Renewed Motion for Reconsideration of the Court's November 6, 2014 Order (the "November Opinion" or "McDowell I") granting summary judgment to defendant Eli Lilly and Company ("Lilly" or the "Defendant"). The Plaintiff has also moved to file additional evidence. Based on the conclusions set forth below, both motions are denied.

**Prior Proceedings**

The November Opinion granted summary judgment on this suit on two grounds: first, that the Cymbalta discontinuation warning is adequate as a matter of law; and second, that the record confirmed that Plaintiff could not establish proximate cause. See generally McDowell v. Eli Lilly & Co., 58 F. Supp. 3d 391 (S.D.N.Y. 2014). On February 26, 2015, a second, 19-page opinion (the "February 26 Opinion" or "McDowell II") affirmed the earlier decision and denied Plaintiffs' motion to reconsider the November Opinion. McDowell v. Eli Lilly & Co., No. 13 Civ. 3786, 2015 WL 845720 (S.D.N.Y. Feb. 26, 2015). The February 26

1

Opinion permitted Plaintiff to submit one additional document raised for the first time in his reply brief to the motion for reconsideration, and allowed Plaintiff to make one further reconsideration motion based on that single "internal memorandum." See Id. at *7. Plaintiff made that submission on March 16, 2015.

The instant motions were marked fully submitted on April 8, 2015 and June 11, 2015.

**The Motion to Reconsider is Denied**

Under Local Civil Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Plaintiff's renewed motion for reconsideration was not filed until March 13, 2015 -- 15 days after the entry of the Court's opinion. (See Notice of Mot., Dkt. No. 55.) As such, it is untimely and should be denied. See Luv n' Care, Ltd. v. Regent Baby Prods. Corp., 986 F. Supp. 2d 400, 411 (S.D.N.Y. 2013) (denying motion as untimely "because plaintiffs filed the motion for reconsideration fifteen

2

days after [the] initial order and did not seek an extension of the deadline from the Court."); Scarsdale Cent. Serv. Inc. v. Cumberland Farms, Inc., No. 13-cv-8730, 2014 WL 2870283, at *3 (S.D.N.Y. June 24, 2014) (finding untimely motion for reconsideration filed fifteen days after entry of court's order).

Even if timely, this renewed motion is denied. Plaintiff states that the Internal Memorandum "further establishes a genuine issue of material fact as to the similarity in withdrawal risk between Cymbalta (duloxetine) and Effexor (venlafaxine)." He provides no further argumentation in support of his motion, nor did he do so in his original submission of the document. (See Pl.'s Reply to Lilly's Opp. to Mot. for Reconsideration, Dkt. No. 47, at 2 ("Plaintiff's counsel also questioned Dr. Perahia on the internal memo, but that document is subject to a protective order and thus not discussed in any detail here.").) Although Lilly assumes the document is intended to provide a foundation for Plaintiff's question to Nurse Caruana that posited "Cymbalta was worse than Effexor with respect to withdrawal," see McDowell I, 58 F. Supp. 3d at 410, the Internal Memorandum does not serve this function. The internal memorandum does not address discontinuation-emergent adverse events for Cymbalta or venlafaxine and

3

otherwise has no bearing on this Court's holding that the Cymbalta discontinuation warning was adequate as a matter of law or that Plaintiff could not establish that any alleged inadequacy in the warning was a proximate cause of his claimed injuries. Plaintiff's contention that a similarity between venlafaxine and Cymbalta in safety profile is sufficient to generate an issue of material fact has already been rejected. See McDowell I, 58 F. Supp. 3d at 409-10; McDowell II, 2015 WL 845720, at *4. The Internal Memorandum thus fails to meet the high standard required for this Court to reconsider — again — its grant of summary judgment. See MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, 842 F. Supp. 2d 682, 715-16 (S.D.N.Y. 2012).

**The Motion to Leave to File Additional Exhibits is Denied**

Neither the Federal Rules nor the Local Rules of this Court permit a litigant to delay entry of final judgment through serial supplemental submissions. Cf. Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("A Court must narrowly construe and strictly apply Local Rule 6.3 , so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment."). The prior decisions have determined that dismissal is appropriate under longstanding New York law.

4

The Plaintiff has already been granted the opportunity to file a second motion for reconsideration of the Court's summary judgment ruling based on a single document with which Plaintiff sought to supplement his first reconsideration motion at the reply brief stage. See McDowell II, 2015 WL 845720 at *7. Plaintiff took this opportunity in March, filing a two-page memorandum submitting that single document and renewing his motion. See Pl.'s Mem. in Supp. of Mot. for Reconsideration, Dkt. No. 57 (Mar. 16, 2015). There is no proper mechanism for Plaintiff to supplement that renewed motion with additional material. Indeed, supplementation of an initial motion to reconsider is barred without the express permission of the Court. See Ferring B.V. v. Allergan, Inc., No. 12 Civ. 2650, 2013 WL 4082930, at *2 (S.D.N.Y. Aug. 7, 2013).

In the wake of the prior rulings, Plaintiff has sought to file documents exchanged in other pending Cymbalta matters. As the Court has already ruled with respect to the materials submitted with Plaintiffs first motion for reconsideration, these supplemental documents do not materially affect the Court's original summary judgment ruling. See McDowell II, 2015 WL 845720, at *5 (denying reconsideration where additional documents filed by Plaintiff "add[] nothing in the face of the

5

warning's plain language"). The relief sought by the Plaintiff is fundamentally at odds with the principles of finality animating the Federal Rules. See Cordero v. Astrue, 574 F.Supp.2d 373, 380 (S.D.N.Y.2008) ("Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (internal quotation marks omitted). No further filings are appropriate and Plaintiff's motion is denied.

    It is so ordered.

**New York, NY**
**July 8, 2015**

                    ROBERT W. SWEET
                    U.S.D.J.